Stephen Lynn SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18353.

United States Court of Appeals Eighth Circuit.

Nov. 7, 1966.

Craig T. Sawyer, Des Moines, Iowa, for appellant and filed typewritten brief.

D. M. Statton, U. S. Atty., Des Moines, Iowa, for appellee. Jerry E. Williams and Claude H. Freeman, Asst. U. S. Attys., Des Moines, Iowa, were with him on the brief.

Before VOGEL, Chief Judge, MATTHES, Circuit Judge and DUNCAN, District Judge.

PER CURIAM.

This case is before us on appeal from judgment of conviction finding appellant guilty of wilfully and knowingly mutilating and destroying the registration certificate (draft card) issued to him by the Selective Service System of the United States of America, in violation of Section 12(b) (3) of the Universal Military Service and Training Act, 62 Stat. 622 (1948), 50 U.S.C. App. § 462(b) (3) (1951), as amended, 79 Stat. 586 (1965), 50 U.S.C. App. § 462(b) (3) (Supp.1965). Appellant filed a motion to dismiss the indictment. The cause was tried before the court without a jury and evidence relating to the motion to dismiss and to the general issues was presented. The court, Honorable Roy L. Stephenson, dismissed Count two of the indictment, denied the motion to dismiss Count one, found the defendant guilty as charged, sustained imposition of sentence as permitted by the Federal Youth Corrections Act, Sections 5010 and 5023, 64 Stat. 1085 (1950), 18 U.S.C. §§ 5010, 5023 (1951), as amended, 66 Stat. 45 (1952), 18 U.S.C. § 5023 (Supp.1965), and placed appellant on probation for a period of three years. The court's memorandum opinion and findings are reported at 249 F.Supp. 515 (S.D.Iowa 1966).

The facts giving rise to the prosecution are undisputed. Appellant does not deny that he violated the statute. On October 20, 1965 appellant, who was then 20 years of age and a student in the College of Liberal Arts at the University of Iowa, appeared at the "soap box sound off" in the Iowa Memorial Union in Iowa City, Iowa, and in the presence of other students and members of the public physically burned and destroyed a substantial part of his draft card. The night prior to the burning incident appellant notified friends and news media, including two television stations, of his intention to burn his draft card the next day. At the time of the burning appellant expressed his opposition to the involvement of the United States in the Viet Nam conflict, and to the draft system. He knew, and the court found, that his act was in violation of the statute.

Appellant challenges the constitutionality of the statute under which he has been prosecuted. The constitutional issues raised on this appeal are identical to the questions presented to the Second Circuit in the case of United States v. David J. Miller, 367 F.2d 72 (October 13, 1966). Indeed, we were advised by counsel for appellant in oral argument that he represented Miller and argued his case before the Second Circuit.

■ Appellant's contention that the statute violates his rights as guaranteed by the First and Fifth Amendments were fully explored and resolved by the court in the *Miller* case. We are in full accord with that court's soundly reasoned disposition of the constitutional issues involved and on the basis of its opinion we also reject appellant's argument that the statute is in deprivation of his rights under the First and Fifth Amendments.

■ Appellant also contends that Section 462(b) (3), as amended, violates his rights protected by the Eighth Amendment in that the punishment prescribed therein bears no logical relationship to the evil Congress intended to control. The "cruel and unusual punishment" argument was rejected by Judge Tyler in United States v. Miller, 249 F.Supp. 59, 64–65 (S.D.N.Y.1965), and by Judge Stephenson in this case, 249 F.Supp. at 519. The Second Circuit did not deal specifically with this issue.

Considering the limited nature of the penalty imposed we regard the Eighth Amendment argument devoid of merit; see Martin v. United States, 317 F.2d 753, 755 (9th Cir. 1963); United States

v. Wallace, 269 F.2d 394, 398 (3d Cir. 1959), holding that a sentence falling within the terms of a valid statute cannot amount to cruel and unusual punishment. Cf. also Coon v. United States, 360 F.2d 550, 555 (8th Cir. 1966), cert. denied, 385 U.S. 873, 87 S.Ct. 145.

The judgment of conviction is accordingly affirmed.