**UNITED STATES of America**

**v.**

**Willie Edward RABB, Appellant.**

**No. 16587.**

United States Court of Appeals
Third Circuit.

Argued Feb. 8, 1968.

Decided May 2, 1968.

Irwin A. Horowitz, Horowitz & Bross, Newark, N. J. (Elliott M. Bross, Newark, N. J., on the brief), for defendant-appellant.

Marlene Gross, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before HASTIE, Chief Judge, and FREEDMAN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This case is before the court on appeal from a March 17, 1967, judgment and commitment following a jury verdict finding appellant guilty of violating Section 12, Title I, of the Universal Military Training & Service Act (50 U.S.C. App. § 462(a)).

The one-count indictment charged that appellant, being required by law under a written order to appear and report for induction on September 28, 1965, did "knowingly, willfully and unlawfully fail to report for such induction * * * at the time and place specified * * *" in violation of 50 U.S.C. App. § 462(a). The pertinent portion of 50 U.S.C. App. § 462(a) provides:

"* * * any person * * *. who in any manner shall knowingly fail or neglect or refuse to perform any duty required of him under or in the execution of this title, or rules, regulations, or directions made pursuant to this title * * * shall, upon conviction · * * * be punished by imprisonment * * * or a fine * * * or by both such fine and imprisonment * * *."

■ The federal cases applying this statute to a defendant who is charged with knowingly failing or neglecting to report for induction at the time and place described in an induction order have held that the Government must prove a culpable, criminal intent.[1] In Graves v. United

1. See Graves v. United States, 252 F.2d 878, 881–2 (9th Cir. 1958); United States v. Hoffman, 137 F.2d 416, 419 (2nd Cir. 1943); cf. Silverman v. United

States, 252 F.2d 878, 881 (9th Cir. 1958), the court stated that the Government must prove that the accused "willfully neglected to exercise * * * [his] duty." The "Manual on Uniform Jury Instructions in Federal Criminal Cases" of the United States District Court for the Northern District of Illinois, 33 F.R.D. 529 (1963), contains this language at 553 (§ 4.06): [2]

> "The word 'wilfully' as used in the crime charged means that the act (or omission) was committed (or omitted) by defendant voluntarily, with knowledge that it was prohibited by law, and with the purpose of violating the law, and not by mistake, accident or in good faith."

■ Defendant contended (and offered testimony to support this contention) that his failure to report for induction on September 28 was not wilful but because he was awaiting word from the draft board on his claim for either a deferment or exemption for the support of his mother, brother, sister and infant child. He had submitted documents in support of such claim but had received no ruling on or before September 28.[3] The charge correctly pointed out that in order to convict, the jury "must be convinced by the evidence beyond a reasonable doubt that the defendant's conceded failure to report for induction * * * was wilful on the defendant's part." Wilfulness is a state of mind in which a defendant is fully aware of his obligations to comply with the order for induction. Wilfulness requires an intention, rather

than an inadvertent failure, to report on the defendant's part.

■ After the main portion of the charge, we find the court was led into reversible error by describing, in a supplement to the charge, "wilful" in the following language (70a) from paragraph 4 of the Government's request for charge at the request of the United States Attorney and over the objection of defendant's counsel, who urged the use of the language on criminal intent in his requests for charge 1 and 2:[4]

> "The word is also employed to characterize the thing done without ground for believing it is lawful or conduct marked by careless disregard, whether or not one has the right so to act."

This language in United States v. Vitiello, 363 F.2d 240, 243 (3rd Cir. 1963), is equally applicable to this record:

> "It * * * was error * * * to instruct the jury that it might find 'willfulness' * * * in conduct characterized by merely careless disregard of legal obligation or in acts that were merely capricious or not justified by any reasonable belief in their legality."

In that case, the court said at page 242:

> "Instructions which define an act as willful when done 'without ground for believing it is lawful', or when 'marked by careless disregard whether or not one has the right so to act', have been rejected by this court as improper dilutions of the scienter required by section 7203. [Citing cases.]

> "Our affirmative statements of the meaning of 'willfulness' in section 7203

States, 220 F.2d 36, 39–40 (8th Cir. 1955); United States v. Smith, 249 F. Supp. 515, 520 (S.D.Iowa), aff'd. 368 F.2d 529 (8th Cir. 1966). "Under the law, * * * [defendant] has no right to decide for himself the time and place that he will enter the Service." United States v. Prue, 240 F.Supp. 390, 391 (D.Neb.1965).

2. See, also, Hon. William C. Mathes, "Jury Instructions and Forms for Federal Criminal Cases," Section 7.11, 27 F.R.D. 39, 93 (1961), where this language is used:

"A failure to act is 'willfully' done, if done voluntarily and purposely, and with the specific intent to fail to do what the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law."

3. Although he was not entitled to a ruling prior to induction due to the untimely submission of this claim, the defendant had been told by the clerk that his material would be submitted to the draft board.

4. Cf. Forster v. United States, 237 F.2d 617 (9th Cir. 1956).

or its predecessor clearly exclude any type of carelessness or negligence, however inexcusable."

The Government must establish knowledge of the legal obligation and voluntary action or omission with the purpose of failing to perform such obligation.

In view of the necessity of a new trial, two other points raised by appellant require comment:

A. *Questioning defendant on his religious belief before the jury and requiring him to take the oath without the Bible or any book*

■ 1 U.S.C. § 1, F.R.Crim.P. 54(c), and F.R.Civ.P. 43(d) provide that an affirmation is equivalent to an oath. Where the defendant is a follower of a minority religion which is unpopular with many persons in the community (in this case, a member of the Islam religion following Elijah Mohammed), it is better practice to permit him to affirm and have any questions on the subject of his religion asked out of the presence of the jury.

B. *Conduct of the voir dire by the trial judge*

■ Appellant claims the scope of inquiry in the *voir dire* "was not broad enough to illuminate any prejudices or bias on behalf of the prospective jurors." See United States v. Napoleone, 349 F.2d 350, 352–354 (3rd Cir. 1965). However, the record does not clearly disclose the wording of any written requests for questions submitted by appellant and rejected by the trial judge. There is no error in the conduct of the *voir dire* by the court, provided that the attorneys are permitted to submit additional written questions to the trial judge so that they can be submitted to the prospective jurors if deemed "proper" by the trial judge. See F.R. Crim.P. 24(a); Brundage v. United States, 365 F.2d 616, 617–618 (10th Cir. 1966); Hamer v. United States, 259 F.2d 274, 280 (9th Cir. 1958).

The judgment and commitment of March 17, 1967, will be set aside and the case will be remanded to the District Court for a new trial.