**UNITED STATES of America,**
Appellee,

v.

**Bradley M. LITTLEFIELD, Appellant.**
No. 23439.

United States Court of Appeals
Ninth Circuit.
April 24, 1969.

Erik O'Dowd (argued), of O'Dowd & O'Dowd, Tucson, Ariz., for appellant.

John L. Augustine (argued), Asst. U. S. Atty., Edward E. Davis, U. S. Atty., Jo Ann D. Diamos, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before BARNES and BROWNING, Circuit Judges, and SOLOMON,* District Judge.

**PER CURIAM:**

Appellant, appealing in forma pauperis, was charged in a two count indictment (1) of destroying his draft card (50 U.S. C.App. § 462(b) and (2) of his failure to possess a draft card. He was found guilty by a jury on both counts.

Jurisdiction below rested on 18 U.S.C. § 3231, and rests here on 28 U.S.C. § 1291.

Appellant was sentenced to an indeterminate sentence under 18 U.S.C. § 5010(b) of the Youth Correction Act. We affirm.

There was no dispute as to the fact of appellant's burning his draft card. Appellant states "this appeal does not raise factual contentions."

The sole evidentiary error charged is that the defendant should have been permitted to explain what basis he had for his assumption for feeling his burning of his draft card "was a justifiable act," and whether he "felt" his act was a crime. (Tr. 148, lines 14–18.) Objection was sustained "to the *form*" (emphasis added) of both questions. No further attempt was made to change the form of the questions, and no offer of proof was made. Thus no adequate record was laid to raise this issue.

Appellant cites various law review articles and two dissenting opinions to establish the rule that a jury should have pardoning power, by returning a verdict of not guilty, even though the defendant's guilt is established by overwhelming evidence. We believe that power rests elsewhere.

The only requisite placed in the statute to make the destruction of a draft card a crime was that the act of destruction should be *knowingly* done. This was established at the trial by the appellant's own testimony.

The constitutionality of the statute prohibiting the destruction of draft cards is clearly established. O'Brien v. United States, 391 U.S. 367, 88 S.Ct.

---

* Hon. Gus J. Solomon, Chief Judge, United States District Court, Portland, Oregon, sitting by designation.

1673, 20 L.Ed.2d 672 (1968). It was there held not to abridge free speech, and to serve a legitimate legislative purpose, *i.e.*, the protection of an efficient and easily administered system for raising armies, as sought by Congress. Id. at 376–377, 88 S.Ct. 1673. *See also:* United States v. Miller, 367 F.2d 72 (2d Cir. 1966), cert. denied 386 U.S. 911, 87 S.Ct. 855, 17 L.Ed.2d 787 (1967); Smith v. United States, 368 F.2d 529 (8th Cir. 1966).

As to Count II (failure to possess), *see* O'Brien v. United States, 376 F.2d 538 (1st Cir. 1967).