**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Roger Ray WILLIAMS, Defendant-**
**Appellant.**

**No. 184–69.**

United States Court of Appeals,
Tenth Circuit.

Feb. 6, 1970.

David L. Osborn, Asst. U. S. Atty. (James L. Treece, U. S. Atty., and Milton C. Branch, Asst. U. S. Atty., on the brief) for plaintiff-appellee.

William F. Reynard, Denver, Colo., for defendant-appellant.

Before PHILLIPS, BREITENSTEIN and HICKEY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The jury found defendant-appellant guilty on each count of a two-count indictment charging violations of 50 U.S.C. App. § 462(a) and he appeals from the judgment imposing sentence. The counts must be considered separately.

Count One charges failure to report for and submit to induction. After registration with his Local Board, defendant was classified II–S and later I–Y. By letter dated December 7, 1967, defendant returned his registration certificate and current classification notice to the National Headquarters of the Selective Service System. In due course this action was reported to the Local Board by a December 22, 1967, letter from the State Headquarters. On March 13, 1968, the Local Board made a declaration of delinquency under 32 CFR § 1642.4. The stated grounds for delinquency were failure to keep his registration certificate and current classification notice in his personal possession at all times, to advise the Board of his correct mailing address, and to report for physical examination. See 32 CFR §§ 1617.1, 1623.-5, 1641.7, and 1628.16 respectively. On

the same day he was classified I–A. Notice of the delinquency declaration and reclassification, together with advice of right to personal appearance and appeal, were sent to the defendant. He did not seek a personal appearance and did not appeal. Because of his delinquency, he was placed at the top of the call pursuant to 32 CFR § 1631.7(a) (1). On April 19, 1968, he was ordered to report on May 8, 1968, for forwarding to an Armed Services Induction Station. He did not appear at the time and place fixed by the order.

We need not consider the government contention that failure to appeal from the I–A classification precludes an attack on that classification as a defense to the criminal charge. We are concerned with the declaration of delinquency under 32 CFR § 1642.4 and the advancement in order of call under 32 CFR § 1631.7(a) (1).

In Gutknecht v. United States, 90 S.Ct. 506, the United States Supreme Court held that the Selective Service regulations which provide for delinquency declaration and accelerated induction of delinquents are not authorized by the Military Selective Service Act of 1967, 62 Stat. 604, as amended 65 Stat. 75, 81 Stat. 100. We have followed Gutknecht in United States v. Dyer, 10 Cir., 421 F.2d 1332. The delinquency declaration, and the order of induction, which deprived the defendant of his previous standing in the order of call were unauthorized and the conviction under Count One must be reversed.

Count Two charges that the defendant "did knowingly fail and neglect to perform a duty" required by the Act and the regulations thereunder in that

> "he did fail and neglect to comply with an order of his local board to report for and submit to an Armed Forces physical examination, in violation of Title 50 Appendix, United States Code, Section 462(a)."

Defendant was classified I–Y, not currently qualified for service in the Armed Forces, see 32 CFR § 1622.17, because of

tachycardia (fast pulse). On December 12, 1967, before it had received notice of the return of the draft cards, the Local Board requested a doctor to examine the records of the defendant's physical examination and give his opinion whether "it would be of any use to have him reexamined for service in the armed forces." On January 22, 1968, the doctor replied that reexamination could reveal that significant changes had occurred in the three and one-half years which had elapsed since the previous examination.

In his classification questionnaire, defendant gave his present address as Grand Junction, Colorado, and the name and address of his father as a person who would always know his address. On December 26, 1967, the Local Board obtained from the father a current address for the defendant in Palo Alto, California.

On January 23, 1968, the Local Board ordered the defendant to report for physical examination on February 14, 1968. Notice of the order was sent to the defendant at the Palo Alto address. The letter was returned on February 19, 1968, with the notations "Moved: no forwarding address" and "Addressee unknown." The Local Board did not attempt again to reach the defendant through his father until March 5, 1968. Nothing in the record shows that the defendant ever received notice of the January 23 order to report for physical examination on February 14 or ever knew of that order.

The pertinent Selective Service regulation, 32 CFR § 1628.16, makes it the duty of a registrant to report for and submit to a physical examination when so ordered by his Local Board. Section 462 (a), Title 50 U.S.C. App., provides that it is an offense to "knowingly fail or neglect or refuse to perform any duty" required of a registrant by the Act or the regulations thereunder. The indictment charges that the defendant "knowingly" failed and neglected to perform the duty to report for and submit to the physical examination.

To sustain the charge the prosecution had to prove a culpable, criminal intent. United States v. Rabb, 3 Cir., 394 F.2d 230, 231; Graves v. United States, 9 Cir., 252 F.2d 878, 881–882; and United States v. Hoffman, 2 Cir., 137 F.2d 416, 419. To knowingly fail to perform a duty a person must be aware of the duty and deliberately or wilfully neglect to perform it. See Boyce Motor Lines v. United States, 342 U.S. 337, 342, 72 S.Ct. 329, 96 L.Ed. 367. In the case at bar there is no proof that the defendant knew of the duty to report for the physical. If he did not know of the duty, he could not deliberately or wilfully neglect to perform it. The defendant's failure to receive the notice to report is shown by the Selective Service record. The fact that such nonreceipt was the result of noncompliance with the duty to keep the Board advised of his address is immaterial because such noncompliance is another offense. See Kokotan v. United States, 10 Cir., 408 F.2d 1134. We are convinced that the evidence is insufficient to sustain the conviction under Count Two.

Reversed.