**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Orman Philip DAY, Defendant-Appellant.**
**No. 26816.**

United States Court of Appeals,
Ninth Circuit.

May 10, 1971.

Max A. Keller, and June Arden, Beverly Hills, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Larry S. Flax, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, KOELSCH and WRIGHT, Circuit Judges.

PER CURIAM:

The appellant was found guilty of refusing induction into the armed services in violation of 50 U.S.C.A. App. § 462. On appeal he asserts that the district court erred in refusing to hear his testimony concerning his reasons for refusing induction, and that the local board gave erroneous reasons for denying his claim for a selective conscientious objector classification.

██ In a prosecution for refusal to submit to induction the government need only show an awareness of the legal obligation and a deliberate purpose not to comply. United States v. Boardman, 419 F.2d 110 (1st Cir. 1969), cert. denied 397 U.S. 991, 90 S.Ct. 1124, 25 L.Ed.2d 398 (1970); United States v. Rabb, 394 F.2d 230 (3rd Cir. 1968). Evidence of appellant's good faith in challenging a law he believed to be wrong was proper-

ly held to be inadmissible. Harris v. United States, 412 F.2d 384 (9th Cir. 1969).

 Appellant's request for classification as a conscientious objector was based upon selective opposition to specific wars rather than an opposition to participation in war in any form. The classification was properly denied. Gillette v. United States, 400 U.S. 955, 91 S.Ct. 351, 27 L.Ed.2d 263 (1971).

The decision of the district court is affirmed.