UNITED STATES, Appellee,

v.

Mark David Albert KLOTZ, Appellant.

No. 74–1069.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1974.

Decided July 19, 1974.

Rehearing En Banc Denied Oct. 1, 1974. See 503 F.2d 1056.

---

Bruce W. Okney, Minneapolis, Minn., for appellant.

Thorwald H. Anderson, Jr., Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before GIBSON, BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

Defendant-Mark David Albert Klotz was tried to the bench and convicted of knowingly refusing and evading registration in the armed forces in violation of 50 U.S.C. App. § 462.[1] He appeals, dence that defendant ever received actual notice of his obligation to register for military draft but merely presented evidence describing general dissemination of information about military registration requirements throughout state contending that the evidence adduced by the Government did not prove that he knowingly failed to register. We agree and reverse the conviction.

The evidence as introduced by the Government at the trial disclosed that Klotz did not register with the Selective Service System for more than two years following his eighteenth birthday. This registration came about when the Minnesota Selective Service Office initiated an inquiry to defendant in October, 1972, seeking to learn whether Klotz had registered for the draft, and, if not, when he would do so. Klotz thereupon registered with the Selective Service System on October 25, 1972, in Copenhagen, Denmark. In addition to these facts, the Government introduced testimony describing the general dissemination of information about registration requirements throughout the State of Minnesota. Klotz did not testify, and the Government introduced no evidence that Klotz had ever received actual notice of his obligation to register for the military draft before October of 1972.

It is a well-settled principle that in prosecuting suits under § 462 for knowingly failing or neglecting to perform a duty under the Selective Service Act the Government must prove a culpably criminal intent. *See* Smith v. United States, 391 F.2d 543, 545 (8th Cir.), cert. denied, 393 U.S. 874, 89 S.Ct. 168, 21 L.Ed.2d 145 (1968); United States v. Rabb, 394 F.2d 230, 231–232 (3d Cir. 1968); Graves v. United States, 252 F. 2d 878, 881–882 (9th Cir. 1958); United States v. Hoffman, 137 F.2d 416, 419 (2d Cir. 1943) (under Selective Training and Service Act of 1940).

Recently the Tenth Circuit aptly summarized this rule as follows:

To knowingly fail to perform a duty a person must be aware of the duty and deliberately or wilfully neglect to perform it. United States v. Williams, 421 F.2d 600, 602 (10th Cir. 1970). Criminal intent may be inferred from proof of facts and circumstances which

---

1. 50 U.S.C. App. § 462 reads in part:
    (a) Any [person] * * * who otherwise evades or refuses registration or service in the armed forces or any of the requirements of this title * * * shall, upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment[.]

establish that the defendant possessed knowledge of an obligation under the military draft laws which he did not perform. Silverman v. United States, 220 F.2d 36, 40 (8th Cir. 1955).

 In resolving the criminal intent issue in this case, however, the district court said:

> The government was able to show the general publicity given to registration requirements through the media and by the posting [of] bulletins and disseminating information through high schools. It does not strain this court's thinking to find beyond a reasonable doubt that defendant knew as have all competent 18 year olders of the requirement to register for the draft on reaching his 18th birthday. It needs no citation of authorities to announce the familiar principle that all men are presumed to know the law and their duties thereunder and this presumption prevails unless in some way rebutted.

The determination of defendant's intent here rested on a presumption, and not on proof of the essential fact of knowledge necessary to sustain the conviction. Accordingly, under the decided cases, we must set aside the conviction.

Reversed.