CORBETT, COMMONWEALTH vs., 101 Mass. App. Ct. 355

 
 COMMONWEALTH vs. RICHARD M. CORBETT.

101 Mass. App. Ct. 355
 March 2, 2022 - July 8, 2022

Court Below: Superior Court, Middlesex County
Present: Green, C.J., Englander, & Grant, JJ.

 

No. 21-P-646.

Sex Offender. Sex Offender Registration and Community Notification Act. Mental Impairment. Evidence, Expert opinion. Witness, Expert. Statute, Construction.

At the trial of an indictment charging the defendant with failure to register as a sex offender, the evidence was sufficient to establish that the defendant resided in Massachusetts on the date of the offense alleged in the indictment, from which evidence a jury reasonably could infer that the defendant continued to reside in Massachusetts when he failed to register. [358]

At the trial of an indictment charging the defendant with failure to register as a sex offender, the judge abused his discretion in excluding expert testimony proposed by the defendant to the effect that he had mental disorders that caused him to be unable to remember his obligation to register, where the proffered testimony was relevant to the Commonwealth's burden to show that the defendant "knowingly" failed to register; and where the expert's report described sufficiently serious mental disorders that it could not be categorically excluded as irrelevant in the absence of further inquiry, such as a voir dire of the expert; further, exclusion of the proposed expert testimony was not harmless, as it went to the defendant's principal defense. [358-364] 

Indictment found and returned in the Superior Court Department on June 21, 2017. 

 The case was tried before Peter B. Krupp, J. 

Adriana Contartese for the defendant.

 Hallie White Speight, Assistant District Attorney, for the Commonwealth.

 ENGLANDER, J. After a jury trial, the defendant was convicted of "knowingly . . . fail[ing]" to register as a sex offender (second offense). G. L. c. 6, § 178H (a) (2). On appeal, the defendant's principal contention is that the judge improperly excluded expert testimony proposed by the defendant, to the effect that he had "mental disorders" that caused him to be unable to remember to register. The judge concluded that the proposed expert testimony was irrelevant to the crime; before this court, the Commonwealth 

 Page 356 

argues that all the Commonwealth need prove is that the defendant had "actual notice" of his registration obligation, and that the defendant's memory (or lack thereof) is not material. 

 For the reasons that follow, we disagree. The crime requires that the defendant "knowingly . . . fail[]" to register, and this court has said that to act "knowingly" at least requires "a perception of the facts requisite to make up the crime" (quotation and citation omitted). Commonwealth v. Fondakowski, 62 Mass. App. Ct. 939, 940 (2005). Here, the defendant's proffered expert testimony about his mental state was relevant to whether the "knowingly" element had been met. As the evidence was relevant, and its exclusion was not harmless, we vacate the conviction.

 Background. In 2010, when the defendant was twenty-one years old, he was convicted of a crime and was subsequently ordered to register as a level three sex offender. Although during the following period the defendant registered at least some of the time, in May of 2015 he was convicted for failing to register and sentenced to six months in a house of correction. 

Thereafter, on December 9, 2016, the defendant went to the Natick Police Department to register. [Note 1] The defendant told police officers that he was then homeless and living under a bridge in Natick. The police provided the defendant with a registration form that described his ongoing registration requirements, which the defendant signed. A police officer printed a receipt for the defendant that stated that sex offenders who are homeless are required to reregister every thirty days. The officer also wrote the defendant's next registration date on the form: January 8, 2017. 

 The defendant did not return to reregister in Natick on January 8, 2017. The following week, a police officer sent the defendant multiple e-mail messages, asking him to come in and register. The defendant never reported for registration. In June 2017, a grand jury indicted the defendant for failing to register as a sex offender, second offense, and setting the date of the offense as "on or about" January 17, 2017. 

 In preparing his defense, the defendant filed a motion for "funds for psychologist (diminished capacity)," which the judge granted. In November of 2018, eight months prior to trial, the defendant filed a "motion in limine to admit expert testimony on defendant's mental state," together with a six-page report from 

 Page 357 

Dr. Eric Brown, entitled "Psychological Evaluation." The motion argued that Dr. Brown's opinion as to the defendant's mental state was relevant because "knowingly" was an essential element of the charged crime. The Commonwealth responded with a competing "motion to exclude irrelevant testimony of defense expert." 

 The expert report opined on the defendant's mental state. The report stated that the defendant "struggle[d] with significant mental disorders that adversely impact upon his daily functioning." While the report did not cite a clearly identifiable disease affecting the defendant's memory, such as Alzheimer's disease, it stated that the defendant had been diagnosed in September 2016 with attention deficit hyperactivity disorder, bipolar disorder II, posttraumatic stress disorder, borderline personality disorder, and substance use disorder. It also noted that the defendant's "significant medical problems include a history of . . . deficits in memory." It concluded with an opinion regarding why the defendant failed to register:

"Mr. Corbett's failure to register is a consequence of a more overarching and formidable problem, namely the necessity to obtain the aforementioned comprehensive treatment for his underlying mental disorders. Mr. Corbett's untreated mental condition and homelessness have significantly interfered with his ability to remember and prioritize his activities, and to fulfill his daily obligations." 

 In July of 2019, the judge granted the Commonwealth's motion to exclude Dr. Brown's testimony. The judge reasoned, in substance, that the proposed evidence was not relevant: the expert's "conclusions . . . would not negate defendant's knowledge of his obligation to register, support a defense of impossibility, or establish a defense of lack of criminal responsibility." The judge also stated that the defendant had not provided notice of a mental health defense as required by Mass. R. Crim. P. 14 (b) (2), as appearing in 463 Mass. 1501 (2012). [Note 2] 

 Trial was in July of 2019. The defendant moved for a required finding of not guilty at the close of the Commonwealth's case 

 Page 358 

and renewed his motion to admit his expert's testimony. The judge denied both motions. The jury found the defendant guilty, and this appeal followed. 

 Discussion. 1. Sufficiency of the evidence. The crime of failing to register as a sex offender appears in G. L. c. 6, § 178H (a), which states: "A sex offender required to register pursuant to this chapter who knowingly: (i) fails to register . . . shall be punished."

 The elements of the crime are (1) that the defendant is a sex offender, (2) required to register, who (3) knowingly (4) fails to register. See G. L. c. 6, § 178H (a). Here it is not contested that the defendant is a sex offender and that he failed to register. As an initial matter, however, the defendant challenges the sufficiency of the Commonwealth's evidence that he was required to register in Massachusetts, arguing that the Commonwealth failed to prove that he resided in Massachusetts as of the date of offense alleged in the indictment. [Note 3] 

 Applying the familiar test of Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979), there was sufficient evidence that the defendant resided in Massachusetts on the date in question. "[T]he term 'residence' means both presence in a jurisdiction and an intention to remain there for some indefinite period of time." Commonwealth v. Paul, 96 Mass. App. Ct. 263, 270 (2019). Here, the defendant had registered in several Massachusetts towns during the years prior to January of 2017. He registered in Natick thirty days prior to his failure to register. From this evidence the jury could reasonably infer that the defendant continued to reside in Massachusetts when he failed to register.

 2. The "knowingly" element and evidence of mental state.

The remaining issue before us is the evidentiary issue related to the "knowingly" element. The defendant attempted to adduce evidence that his memory was so impaired that he could not meet his registration obligation; the Commonwealth counters that such evidence is simply not relevant to the crime, as all that matters is that the defendant had actual notice of his obligation.

 To answer the relevance question we must first determine what the Commonwealth needed to show to meet the "knowingly" 

 Page 359 

element. That is a question of statutory construction, and as always we begin with the language of the statute. See Commonwealth v. Pfeiffer, 482 Mass. 110, 115, cert. denied, 140 S. Ct. 498 (2019) (in considering whether crime of arson requires specific intent or general intent, "[a]s with all matters of statutory interpretation, we look first to the plain meaning of the statutory language" [citation omitted]). 

 The statute requires that the defendant "knowingly. . . fail[ed]" to register. G. L. c. 6, § 178H (a). The requirement that an act be done "knowingly" is not uncommon in criminal statutes, but its meaning is not easily defined. Most crimes, of course, require that the defendant had a particular state of mind, or mens rea. See Liparota v. United States, 471 U.S. 419, 425-426 (1985) (courts will not lightly assume crime has no mens rea requirement). The concepts of specific and general intent, and statutory language such as "willfully" and "maliciously," have been much discussed. See Pfeiffer, 482 Mass. at 115 ("Few areas of criminal law pose more difficulty than the proper definition of the mens rea required for any particular crime" [citation omitted]). The concept of "knowingly," however, does not slot comfortably into those concepts. Here, we do not read the statute at issue to require a specific intent -- that is, we do not read it to require proof that the defendant specifically intended the consequence that he not register. [Note 4] Nevertheless, the word "knowingly," coupled with the word "fail," indicates that the defendant must have a consciousness of his actions at the time of the crime; put differently, it is not enough to prove merely that the defendant failed to register, as the statutory language requires something more -- that the failure was "knowing." And indeed, the notion that the defendant must have an awareness of his actions is found in the formulation we employed in Fondakowski -- the defendant must have "a perception of the facts requisite to make up the crime." Fondakowski, 62 Mass. App. Ct. at 940, quoting Commonwealth v. Altenhaus, 317 Mass. 270, 273 (1944). See Commonwealth v. Ramirez, 69 Mass. App. Ct. 9, 12 (2007) ("the Commonwealth 

 Page 360 

was required to prove that the defendant knew of the requirement that he register but did not do so despite this knowledge").

 Pausing here, we note that the formulation in Fondakowski is not the only definition of "knowingly" found in our case law. In Commonwealth v. Becker, 71 Mass. App. Ct. 81, 89, cert. denied, 555 U.S. 933 (2008), a case which involved the same crime at issue here, we stated that "[a]n act is done 'knowingly' if it is the 'product of conscious design, intent or plan that it be done, and is done with awareness of probable consequences'" (citation omitted). The Becker standard is derived from civil case law, and perhaps imposes a greater mens rea than the standard in Fondakowski. [Note 5] See Becker, supra. Regardless, neither standard should be read to require proof of specific intent. See Commonwealth v. Rosado, 450 Mass. 657, 662 (2008) ("G. L. c. 6, § 178H [a], does not require the Commonwealth to prove that a defendant intended to deceive the board, but the Commonwealth must prove that he knew the information was false"). And notwithstanding the differences in language, it is evident that the two formulations share common ground -- the need to show a "consciousness," or a "perception," of those facts that amounts to criminal behavior. For present purposes we will use the formulation in Fondakowski; that standard is also found in criminal cases decided by the Supreme Judicial Court. See, e.g., Commonwealth v. McGhee, 472 Mass. 405, 415 (2015); Altenhaus, 317 Mass. at 273.

 What we have said thus far disposes of the Commonwealth's principal argument, which is that under the statute, "knowingly" simply means that the defendant at some point had actual notice of his registration obligation. In the Commonwealth's view, proof of actual notice conclusively demonstrates the knowingly element; it is not necessary that the defendant understand his registration obligation, or have the ability to recall it. But as we have discussed above, the concept of "knowingly . . . fail[ing]" requires a consciousness of action that goes beyond merely receiving notice at some point in the past, and the formulation in Fondakowski bears this out. Rather, to "knowingly" fail to act requires 

 Page 361 

that the defendant have the ability to perceive -- to remember -- that he has an obligation to act as of the time of the crime, here, on or about January 17, 2017. See Ramirez, 69 Mass. App. Ct. at 14 (Commonwealth required to prove defendant's knowledge of sex offender registration requirement as of date of offense alleged in complaint). Cf. Commonwealth v. Mountry, 463 Mass. 80, 90 (2012) ("when proof of knowledge is an element of the crime charged, as here, a defendant's mental impairment by intoxication or otherwise bears on [his] ability to possess the requisite knowledge of the circumstances in which he acted" [quotation and citation omitted; emphasis added]).

 In so holding we do not mean to suggest that proof of actual notice is insufficient to satisfy the Commonwealth's burden of proof on the knowingly element. In general a fact finder could infer, from proof that the defendant had actual notice and failed to register, that the defendant had the necessary awareness of that fact at the time he failed to register. Cf. United States v. Klotz, 500 F.2d 580, 581-582 (8th Cir. 1974) (under Federal law making it crime to "knowingly fail" to register for the draft, "[c]riminal intent may be inferred from proof . . . that the defendant possessed knowledge of an obligation under the military draft laws which he did not perform"). Nor is a defendant free to argue, "I forgot." Mere forgetfulness is not a defense and does not negate the inference of conscious action. On the other hand, proof of serious mental disorders at the time of the crime -- for example, Alzheimer's disease, dementia, or amnesia -- would be relevant to a fact finder's evaluation whether a defendant knowingly failed to meet his obligations.

 Courts in other jurisdictions have grappled with similar language -- making it a crime to "knowingly" or "willfully" fail to register or the like -- with somewhat mixed results. The Supreme Court of California's decision in People v. Sorden, 36 Cal. 4th 65 (2005), is perhaps the most notable for present purposes. There the court addressed California's sex offender statute, which makes it a crime to "willful[ly]" (rather than knowingly) fail to register. Id. at 68-69. The defendant claimed that he had failed to register due to "severe depression." Id. at 68. The court was unanimous that evidence of some mental disorders -- such as Alzheimer's disease or amnesia -- could negate the intent required by statute. See id. at 69. The court was also unanimous that mere forgetfulness -- "I forgot" -- was not a defense. See id. at 68-69. The court divided, however, on whether the disability claimed by the 

 Page 362 

defendant could suffice. The four-member majority held it could not -- that depression was not sufficiently "disabling" to negate willfulness as a matter of law, id. at 72 -- while the other three members would have allowed such evidence to be adduced, see id. at 75-76 (Werdegar, J., dissenting in part). [Note 6]

 While the statute in Sorden used the word "willfully" rather than "knowingly," the divisions of the court in Sorden are nevertheless indicative of the conundrum posed by a crime defined in terms of a knowing failure to act. Notably, there are other statutes that define a crime based upon knowingly failing to act -- for example, the Federal statute making it a crime to "knowingly fail" to register for the draft, 50 U.S.C. § 3811(a), as well as the Federal sex offender registration statute, 18 U.S.C. § 2250(a), and the Federal firearm registration statute, 18 U.S.C. § 922(m). In general, the case law under these statutes is in agreement that these crimes are not specific intent crimes. See United States v. Contreras, 380 Fed. Appx. 434, 435 (5th Cir. 2010) (acknowledging Federal sex offender statute "contains 'no language requiring specific intent'" [citation omitted]); United States v. Currier, 621 F.2d 7, 10 (1st Cir. 1980) (no specific intent required under criminal statute regarding failure to register firearm). The cases also agree, generally, that to prove a knowing failure, the government must show that the defendant was aware, or perceived, the facts necessary to make up the crime. See, e.g., Currier, supra ("the government did not have to prove that [the] appellant 'knowingly' violated the law, it only needed to prove . . . that he 'knowingly' failed to complete the forms"); Sorden, 36 Cal. 4th at 72 ("a person may suffer from an involuntary condition [such as Alzheimer's disease or amnesia] so disabling as to rob him of knowledge of his registration obligations"). But cf. United States v. Williams, 421 F.2d 600, 602 (10th Cir. 1970) (defendant must "deliberately" fail to register for the draft -- arguably a higher standard of proof); State v. Carver, 122 Wash. App. 300, 306 (2004) (actual knowledge of obligation is sufficient to prove violation of crime of knowingly failing to appear while on bail). 

 A construction of knowing that requires a perception of the facts comprising the crime is also consistent with cases construing 

 Page 363 

other criminal statutes that require "knowingly" as a state of mind, including decisions of the United States Supreme Court. See United States v. X-Citement Video, Inc., 513 U.S. 64, 78 (1994) (child pornography statute requires knowledge of age of pictured individuals); Liparota, 471 U.S. at 420-421 (food stamp fraud statute required that defendant "knew that he was acting in a manner not authorized by statute"). Taken collectively, the above case law supports our conclusion that the defendant's mental state -- that is, his ability to perceive his obligation to register -- is relevant to whether he committed the crime of failing to register as a sex offender. [Note 7]

 The next question we must answer is whether the defendant's proposed expert testimony demonstrated a sufficiently serious mental disorder to call into question whether he knowingly failed to register. [Note 8] We review the judge's decision to exclude the defendant's expert testimony for abuse of discretion, which includes application of an incorrect legal standard. See Commonwealth v. Hinds, 487 Mass. 212, 218 (2021); Commonwealth v. Evelyn, 485 Mass. 691, 706 (2020). 

 The judge excluded the defense expert's testimony on relevance grounds, based upon the incorrect legal ground argued by the Commonwealth -- that is, that the defendant's capacity to 

 Page 364 

remember (or lack thereof) is irrelevant to the crime. As discussed above, the defendant's ability to remember could be relevant, however, and relevance is not a high bar. See Hinds, 487 Mass. at 219 ("To be relevant, the proposed evidence need only have a tendency to make a material fact more or less probable than it would be without the evidence"). Here, Dr. Brown's expert report described sufficiently serious mental disorders that it could not be categorically excluded as irrelevant, in the absence of further inquiry such as a voir dire of the expert. The opinion is different in kind from an assertion that the defendant merely "forgot" to register. The judge's decision to exclude the expert's opinion based upon the report alone, on the ground that it was not relevant, was an error of law. 

 Finally, we address whether the exclusion was prejudicial. Here, the proposed expert testimony went to the defendant's principal defense -- that he was not capable of complying with the law. Deprived of the more concrete opinions of an expert, the defendant was reduced to arguing that "common sense would say that homelessness is tough" and that the defendant complied with the law "as best he could." Under the circumstances, we cannot say the proposed evidence would not have "influence[d] the jury, or had but very slight effect" (citation omitted). Commonwealth v. Davis, 487 Mass. 448, 461 (2021).

 Judgment vacated.

 Verdict set aside. 

FOOTNOTES
[Note 1] The defendant had previously registered in other Massachusetts towns, including Salem, Lynn, Springfield, Maynard, and Pittsfield. 

[Note 2] The judge further concluded that, to the extent the defendant "had a more difficult time than others in remembering to register," that was a consideration for sentencing "but is not relevant to whether defendant committed the crime of knowingly failing to register as G. L. c. 6, Section 178H has been construed." 

[Note 3] Because the defendant registered as homeless on December 9, 2016, he was required to register every thirty days, so his next registration date was January 8, 2017. See G. L. c. 6, § 178F 1/2. An officer testified that the defendant was considered in violation when, after several reminders, he had not registered by January 17, 2017. 

[Note 4] A specific intent crime "requir[es] proof that the defendant not only 'consciously intended to take certain actions, but that [s]he also consciously intended certain consequences.'" Pfeiffer, 482 Mass. at 115, quoting Commonwealth v. Gunter, 427 Mass. 259, 269 (1998), S.C., 456 Mass. 1017 (2010) and 459 Mass. 480, cert. denied, 565 U.S. 868 (2011). In contrast, the Supreme Judicial Court noted in Gunter, supra at 268, that the concept of "'knowledge' corresponds loosely with the concept of general intent." 

[Note 5] The language in Becker is taken from Commonwealth v. Kirkpatrick, 44 Mass. App. Ct. 355, 356 (1998), which in turn quotes Still v. Commissioner of the Dept. of Employment & Training, 423 Mass. 805, 812 (1996). See Becker, 71 Mass. App. Ct. at 89. Still discusses knowledge as the "product of conscious design, intent or plan," but goes on to note that the definition it employs is consistent with the way "knowing violation" was "used in other civil statutes." Still, supra, quoting Black's Law Dictionary 872 (6th ed. 1990). 

[Note 6] The majority stated the standard thusly: "the willfulness element of the offense may be negated by evidence that an involuntary condition -- physical or mental, temporary or permanent -- deprived a defendant of actual knowledge of his or her duty to register. Only the most disabling of conditions, we emphasize, would qualify under the standard we announce today." Sorden, 36 Cal. 4th at 69. 

[Note 7] The same evidence may also be relevant to a defense of lack of criminal responsibility -- that is, to the defendant's "substantial capacity either to appreciate the criminality or wrongfulness of [his or her] conduct, or to conform [his or her] conduct to the requirements of the law." Commonwealth v. Goudreau, 422 Mass. 731, 737 (1996) (Appendix). See Model Jury Instructions on Homicide 2 & n.6 (2018). Given our resolution, we need not decide the question. 

[Note 8] We note that this issue was properly preserved for appeal. The defendant and the Commonwealth filed competing pretrial motions regarding the admission of Dr. Brown's testimony, and the judge issued a ruling excluding it. The defendant also renewed his motion at trial, and made an offer of proof of Dr. Brown's report. Although the judge stated that the defendant failed to provide timely notice of his intent to introduce evidence of his mental state pursuant to Mass. R. Crim. P. 14 (b) (2), we cannot affirm the exclusion of the evidence on that basis here. Applying an earlier version of rule 14 (b) (2), the Supreme Judicial Court in Commonwealth v. Guadalupe, 401 Mass. 372, 374-375 (1987), indicated that (at least in lack of criminal responsibility cases), a judge generally may not exclude a defendant's proposed expert on grounds of lack of notice, unless the defendant failed to submit to a court-ordered psychiatric examination. And even if Guadalupe and Commonwealth v. Dotson, 402 Mass. 185, 188-189 (1988), do not strictly apply to the facts here, we note in any event that the Commonwealth had plenty of notice in this case, where the defendant filed his pretrial motion eight months prior to trial. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.