# United States Court of Appeals
## For the First Circuit

No. 09-1047

UNITED STATES OF AMERICA,

Appellee,

v.

BRUCE GAGNON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Boudin, Selya and Gajarsa,[*]

Circuit Judges.

J. Hilary Billings, with whom Eric A. Vos, Federal Public Defender, was on brief, for appellant.
Margaret D. McGaughey, Appellate Chief, with whom Paula D. Silsby, United States Attorney, was on brief, for appellee.

September 28, 2010

[*]Of the Federal Circuit, sitting by designation.

**SELYA**, **Circuit Judge**.  Defendant-appellant Bruce Gagnon challenges his conviction under the Sex Offender Registration and Notification Act (SORNA), Pub. L. No. 109-248, tit. I, §§ 101-155, 120 Stat. 587, 590-611 (2006).  This is a "gap" case — the offense charged was committed in the interim between Congress's passage of SORNA and the Attorney General's issuance of an implementing rule.  The recent decision of this court in United States v. DiTomasso, ___ F.3d ___ (1st Cir. 2010) [No. 08-2567], disposes of the principal claims raised in this proceeding.[1]

We presume the reader's familiarity with our DiTomasso opinion, and we refrain from repastinating that well-ploughed ground.  Insofar as Gagnon's claims resemble DiTomasso's, we reject them for the reasons elucidated in our earlier opinion.

Although incorporating DiTomasso by reference shortens our journey, two issues not addressed in DiTomasso remain.  The facts needed to put them into perspective are straightforward.

In December of 2000, Gagnon was convicted of a sex offense in New Hampshire (his state of residence).  He was required by New Hampshire law to register as a sex offender, and he did so.  He kept his registration current until July of 2005, when he failed to update it.  As a result, he was charged with violating a state

---

[1] Due to the similarity of issues, Gagnon's appeal and DiTomasso's appeal were argued before us on the same date.

registration law.  See N.H. Rev. Stat. Ann. §§ 651-B:4 to 651-B:6. He was convicted later that year.

In December of 2006, Gagnon traveled from New Hampshire to Maine.  On February 2, 2007, he signed a lease for an apartment in Maine.  Despite this change of residence, he neither notified the New Hampshire authorities of his move nor registered as a sex offender in Maine, where such registration was required.  See Me. Rev. Stat. tit. 34-A, § 11202(2).

On February 21, 2007, United States Marshals arrested Gagnon.  Shortly thereafter, a federal grand jury indicted him for violating a SORNA provision, 18 U.S.C. § 2250(a).  The indictment alleged that Gagnon had transgressed the federal law by failing to register as a sex offender in Maine "on about February 2, 2007."

These dates are important.  Although SORNA was enacted on July 27, 2006, Gagnon argued below that, for various reasons, the federal statute could not constitutionally be applied in this case because both his interstate travel and his failure to register in Maine occurred prior to February 28, 2007 — the date on which the Attorney General promulgated an interim rule touching upon the applicability of SORNA's registration requirements to previously convicted sex offenders.  See DiTomasso, ___ F.3d at ___ [slip op. at 6-7] (discussing promulgation of interim rule and attendant circumstances); see also 42 U.S.C. § 16913(d) (authorizing Attorney

General to undertake rulemaking in connection with SORNA's registration requirements).

The district court rejected Gagnon's arguments. United States v. Gagnon, 574 F. Supp. 2d 172, 176-79 (D. Me. 2008). Following conviction and sentencing, Gagnon filed this appeal.

Gagnon repeats the same arguments on appeal. Our opinion in DiTomasso is dispositive of the issue of the effective date of SORNA's registration requirements vis-à-vis most previously convicted sex offenders (including Gagnon). See DiTomasso, ___ F.3d at ___ [slip op. at 18]. That opinion spells out the reasons why Gagnon's view of the significance of the Attorney General's interim rule is misguided. See id. at ___ [slip op. at 13-18]. The date of SORNA's applicability to such offenders is no longer open to debate, and that date — July 27, 2006 — precedes the events at issue here.

The same opinion also recognizes that Congress acted within the scope of its authority under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3, when it enacted SORNA's registration requirements. See DiTomasso, ___ F.3d at ___ [slip op. at 19-21]. That holding defenestrates Gagnon's Commerce Clause claim.

Gagnon makes two arguments that were not addressed in DiTomasso. First, he posits that the rule of lenity requires a construction of the statute that would invalidate his conviction. We examine this contention.

The rule of lenity requires a court to resolve "true statutory uncertainty" in favor of the defendant in a criminal case.  United States v. Ahlers, 305 F.3d 54, 62 (1st Cir. 2002).  For present purposes, however, this rule is inapposite.  When a criminal statute has a "clear and plausible meaning," the rule of lenity does not apply.  Id.  Put another way, "[i]t is only when no reasonably clear meaning can be gleaned from the text of a statute, leaving courts to guess at what Congress intended, that the rule of lenity comes into play."  Id.

That is not the case here.  As we explained in DiTomasso, ___ F3d. at ___ [slip op. at 18], we do not find the relevant statutory provision — 42 U.S.C. § 16913(d) — ambiguous.  Rather, when read in the full context of the statutory scheme, that subsection, as of the date of SORNA's enactment, clearly and unambiguously imposed an obligation on previously convicted sex offenders to register within three business days of moving to a new state.  Given this easily discernible meaning, Gagnon's attempt to invoke the rule of lenity must fail.

Gagnon's remaining argument is no more persuasive.  He insists that his due process rights were infringed because he did not have fair warning of his duty to register under SORNA.  This premise is the functional equivalent of a plea that he was justifiably ignorant of the effect of the new federal law until the Attorney General promulgated the interim rule.  Such a plea runs

headlong into the venerable axiom that "ignorance of the law is no excuse." United States v. Robinson, 137 F.3d 652, 654 (1st Cir. 1998).

Of course, that axiom states a general rule, and there is an exception where the challenged conduct was "wholly passive" and there were not attendant circumstances alerting the defendant to the consequences of the conduct. Lambert v. California, 355 U.S. 225, 228 (1957). Gagnon seeks to wedge his case within the contours of this exception. He does not succeed.

This exception is narrow. See United States v. Meade, 175 F.3d 215, 225-26 (1st Cir. 1999). This case does not fit within it because, long before SORNA was enacted, Gagnon knew (or, at least, was chargeable with knowledge) of his obligation to register under state law and to keep his registration current.

That this notice did not specifically inform him that failure to register under state law would also constitute a violation of federal law does not render the notice impotent for purposes of the case at hand. What counts is that Gagnon was on clear notice, at the relevant time, that a failure to register would place him on the wrong side of the law. We therefore join several other courts that have held that notice of a defendant's obligation to register as a sex offender under state law provides him with effective notice of his corresponding obligation to register under SORNA. See, e.g., United States v. Hinckley, 550

F.3d 926, 938-39 (10th Cir. 2008), <u>cert. denied</u>, 129 S. Ct. 2383 (2009); <u>United States</u> v. <u>May</u>, 535 F.3d 912, 921 (8th Cir. 2008), <u>cert. denied</u>, 129 S. Ct. 2431 (2009).  Because Gagnon had such notice, the requirements of the Due Process Clause are satisfied.

We need go no further.  For the reasons elucidated in our opinion in <u>DiTomasso</u> and augmented here, we affirm the judgment of conviction.

**<u>Affirmed</u>**.