# United States Court of Appeals
## For the First Circuit

No. 09-2024

UNITED STATES OF AMERICA,

Appellee,

v.

OLIN DUDLEY STEVENS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Howard, Circuit Judges.

Virginia G. Villa, Assistant Federal Defender, for appellant.
Margaret D. McGaughey, Appellate Chief, with whom Thomas E.
Delahanty II, United States Attorney, was on brief, for appellee.

May 23, 2011

**SELYA**, **Circuit Judge**.  After defendant-appellant Olin Dudley Stevens was convicted on a charge of failing to register under the Sex Offender Registration and Notification Act (SORNA), Pub. L. No. 109-248, tit. I, §§ 101-155, 120 Stat. 587, 590-611 (2006), the district court sentenced him to serve 85 months in prison.  He challenges his conviction, alleging both evidentiary insufficiency and constitutional infirmity.  Concluding that his arguments lack merit, we affirm.

We rehearse the facts in the light most favorable to the verdict.  United States v. Rodríguez-Vélez, 597 F.3d 32, 38 (1st Cir. 2010).  In 1993, the defendant was convicted of a sex crime in Rhode Island and incarcerated.  Upon his release from immurement, the state notified him of his duty to register annually as a sex offender.  See R.I. Gen. Laws § 11-37-16(a) (1992) (repealed 1996).[1]  He initially complied and renewed his registration periodically.  He eventually became less assiduous, and his failure to keep his registration current led, in 1996, to a no contest plea to a charge of failing to register as a sex offender.  He did not learn his lesson and, four years later, he was again convicted on

_____

[1]  From time to time, the Rhode Island General Assembly tinkered with the sex offender registration law, and the procedural history is complicated.  Withal, the district court found that the 1992 version of the law (which was in effect when the defendant was convicted of the sex crime that required him to register) applied to the defendant throughout his stay in Rhode Island.  United States v. Stevens, 598 F. Supp. 2d 133, 141-42 (D. Me. 2009).  Because that finding is not challenged here, we do not trace the law's subsequent history.

a charge of failure to keep his state sex offender registration current and given a suspended sentence.

We fast-forward to January of 2007, when the defendant moved from Rhode Island to Maine. He failed to notify the authorities in Rhode Island of his change in residence and likewise failed to register as a sex offender in Maine as required by that state's law. See Me. Rev. Stat. Ann. tit. 34-A, § 11223. By the same token, he neglected to comply with SORNA (which Congress had enacted in 2006).

These delinquencies came to the attention of the authorities and, in February of 2008, a federal grand jury indicted the defendant for non-compliance with SORNA's registration requirements. See 42 U.S.C. § 16913. After a bench trial, the district court found him guilty. The court concluded that, although the defendant lacked actual knowledge of his duty to register as a sex offender,[2] he was on constructive notice of this duty because he had registered several times in Rhode Island and also had been convicted for failing to register. United States v. Stevens, 598 F. Supp. 2d 133, 153 (D. Me. 2009). Following the imposition of sentence, the defendant filed a timely notice of appeal.

---

[2] The court noted that Rhode Island law enforcement officers may not have apprised the defendant of his ongoing duty to register. The court found that the shifting legal framework, see supra note 1, may have confused some officers, who, in turn, misinformed the defendant about his duty to register.

-3-

We begin our discussion of the merits with the defendant's challenge to the sufficiency of the evidence. We review such challenges de novo, appraising the evidence in the light most favorable to the verdict. Rodríguez-Vélez, 597 F.3d at 38. "The verdict must stand unless the evidence is so scant that a rational factfinder could not conclude that the government proved all the essential elements of the charged crime beyond a reasonable doubt." Id. at 39.

The defendant's challenge has twin foci. First, he claims that the government did not present sufficient evidence that SORNA required him to register as a sex offender after he had traveled in interstate commerce. At bottom, this claim rests on a legal interpretation, and the defendant argues that the evidence is inadequate under that interpretation. Thus, the statute of conviction frames this aspect of the argument.

SORNA provides in pertinent part:

(a) In general. — Whoever —
(1) is required to register under the Sex Offender Registration and Notification Act;
(2)(A) is a sex offender as defined for the purposes of [SORNA] . . . ; or
(B) travels in interstate or foreign commerce . . . ; and
(3) knowingly fails to register or update a registration as required by [SORNA];
shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

The defendant posits that this requirement did not become applicable until the Attorney General promulgated an implementing

-4-

regulation in February of 2007. See 72 Fed. Reg. 8894, 8896 (Feb. 28, 2007). Because this regulation post-dated his 2007 trip from Rhode Island to Maine, his thesis runs, that travel cannot be said to have triggered the federal registration requirement.

This contention is old hat. We previously have held that SORNA was fully effective as of the date of its enactment: July 27, 2006. United States v. DiTomasso, 621 F.3d 17, 25 (1st Cir. 2010). It therefore stands decided, under settled circuit precedent, that the defendant's interstate travel in 2007 brought SORNA's registration requirement into play. Consequently, the district court correctly applied the requirement in this instance.

The second focus of the defendant's claim of evidentiary insufficiency is that the government did not present proof adequate to show that he knowingly violated SORNA. In mounting this argument, the defendant does not challenge the supportability of the district court's finding that he had constructive notice of a registration requirement. Rather, he claims that SORNA requires a showing of a specific intent to violate its registration provision (and, therefore, requires a showing of actual knowledge of that provision). To the extent that this claim poses a question of statutory construction, our standard of review remains de novo. United States v. Leahy, 473 F.3d 401, 405 (1st Cir. 2007).

SORNA makes it a crime to "knowingly fail[] to register or update a registration as required by [SORNA]." 18 U.S.C. § 2250(a). The defendant suggests that "knowingly" modifies all

the language that follows it, with the result that a person cannot violate the statutory proscription unless he knows specifically of his obligation to register under SORNA and nevertheless flouts that obligation. This suggestion lacks force.

The Supreme Court has given us the appropriate starting point for our analysis. The Court has said that "unless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." Bryan v. United States, 524 U.S. 184, 193 (1998). Our own precedent is to the same effect. See United States v. Meade, 175 F.3d 215, 226 n.5 (1st Cir. 1999). Nothing in the text of SORNA dictates a different result. Indeed, giving words their ordinary meaning, the adverb "knowingly" modifies only the phrase "fails to register," not the next phrase, "as required by [SORNA]." Cf. United States v. Currier, 621 F.2d 7, 10 (1st Cir. 1980) (construing "knowingly" in 18 U.S.C. § 922(m), a firearms statute, as not requiring the government to prove specific intent).

In an effort to remove his case from the sweep of the Bryan rule, the defendant urges us to find that the meaning of "knowingly" in section 2250(a) is at least unclear, thus making applicable the rule of lenity. The notion that lack of clarity may ground an exception to the Bryan rule is plausible. See, e.g., United States v. Godin, 534 F.3d 51, 53 (1st Cir. 2008) (applying rule of lenity after concluding that the knowledge requirement in an unrelated statute, 18 U.S.C. § 1028A(a), was ambiguous). But

ambiguity is a condition precedent to the invocation of the rule of lenity, see, e.g., United States v. Santos, 553 U.S. 507, 514 (2008); United States v. Dwinells, 508 F.3d 63, 69-70 (1st Cir. 2007), and SORNA contains no ambiguity with respect to its knowledge requirement.

The short of it is that, in the case at hand, no textual clue counsels against giving "knowingly" the usual meaning that Bryan ascribes to that term. Accordingly, we hold that section 2250(a)(3) requires only that the government prove general intent; that is, a defendant's awareness of his failure to register simpliciter. We add that this holding is well within the mainstream. It comports with the holdings of every other court of appeals that has decided this point. See, e.g., United States v. Fuller, 627 F.3d 499, 507-08 (2d Cir. 2010); United States v. Voice, 622 F.3d 870, 876 (8th Cir. 2010); United States v. Vasquez, 611 F.3d 325, 328-29 (7th Cir. 2010).

That ends this aspect of the matter. Inasmuch as the statute of conviction contains only a general intent requirement, the government had to prove no more than that the defendant was aware that he had not registered. See Bryan, 524 U.S. at 193; Fuller, 627 F.3d at 507-08. On this point, even the district court's finding of constructive notice was superfluous.

The district court's determination that the government carried this burden cannot seriously be questioned. It follows

that the evidence was sufficient to support the defendant's conviction.

In a different (but equally unavailing) vein, the defendant advances a pair of constitutional claims. We review these claims de novo. United States v. Volungus, 595 F.3d 1, 4 (1st Cir. 2010). Neither of them is substantial.

To begin, the defendant asserts that convicting him despite his lack of actual knowledge of SORNA's requirement deprives him of due process of law. This assertion flies in the teeth of the venerable principle that ignorance of the law is no excuse. See, e.g., United States v. Int'l Minerals & Chem. Corp., 402 U.S. 558, 562-63 (1971); United States v. Robinson, 137 F.3d 652, 654 (1st Cir. 1998).

Of course, there is an acknowledged exception to this principle for conduct that is wholly passive, see Lambert v. California, 355 U.S. 225, 228 (1957), and the defendant seeks refuge within the narrow confines of this exception. But the circumstances of this case do not lend themselves to an application of the exception.

There is no need to tarry. In an earlier SORNA case, United States v. Gagnon, 621 F.3d 30, 33 (1st Cir. 2010), the defendant made the same claim. We flatly rejected the claim, holding that because the defendant was chargeable with knowledge of an obligation to register as a sex offender, his failure to do so was not within the purview of Lambert. Gagnon, 621 F.3d at 33.

<u>Gagnon</u> is controlling: there, as here, the defendant was a convicted sex offender who was on notice of a duty to register.[3] See <u>id.</u> at 33. Thus, the exception does not apply and the defendant's due process argument fails.

Finally, the defendant asseverates that SORNA cannot be enforced because Congress lacked power under the Commerce Clause to enact it. U.S. Const. art. I, § 8, cl. 3. We confronted and defenestrated this very same asseveration in <u>DiTomasso</u>, in which we held that the enactment of the statute was well within the scope of congressional authority under the Commerce Clause. <u>DiTomasso</u>, 621 F.3d at 26. We reiterated that holding in <u>Gagnon</u>, 621 F.3d at 32. Given those decisions, the defendant's Commerce Clause argument necessarily fails.

We need go no further. For the reasons elucidated above, we affirm the judgment of the district court.

**Affirmed**.

---

[3] In <u>Gagnon</u>, we noted that the defendant either had actual notice or was "chargeable with" notice (i.e., that he had constructive notice). 621 F.3d at 33. For this purpose, either type of notice suffices to satisfy the demands of due process.