**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 09-1946

UNITED STATES OF AMERICA,

Appellee,

v.

KENNETH THOMPSON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Howard, Circuit Judges

Virginia G. Villa, Assistant Federal Defender, for appellant.
Margaret D. McGaughey, Appellate Chief, with whom Thomas E.
Delahanty II, United States Attorney, was on brief, for appellee.

June 3, 2011

**SELYA**, **Circuit Judge**.   Defendant-appellant Kenneth Thompson challenges his conviction under the Sex Offender Registration and Notification Act (SORNA).   Pub. L. No. 109-248, tit. I, §§ 101-155, 120 Stat. 587, 590-611 (2006).   After careful consideration, we affirm.

The facts are straightforward.   In 2001, the defendant was convicted federally of possession of child pornography, and in a parallel state proceeding of gross sexual assault and sexual abuse of a minor.   He served concurrent prison terms for these offenses and, in December of 2006, began serving the probationary portions of those sentences.   He also registered as a sex offender as required by both federal and Maine law.   See 42 U.S.C. § 16913; Me. Rev. Stat. Ann. tit. 34-A, § 11223.

The next summer, the authorities learned that the defendant had violated the conditions of his probation.   An attempt to arrest him at the address listed in his sex offender registration proved fruitless because he no longer lived there. His whereabouts were unknown until February of 2008, when he registered a motor vehicle in New Mexico.

In due course, a federal grand jury sitting in the District of Maine indicted the defendant on a single count of failing to register as a sex offender under SORNA.   See 18 U.S.C. § 2250(a).   The defendant moved to dismiss the indictment on constitutional grounds, but the district court demurred.   United

-2-

States v. Thompson, 595 F. Supp. 2d 143, 150 (D. Me. 2009). The defendant subsequently entered a conditional guilty plea, Fed. R. Crim. P. 11(a)(2), reserving his right to appeal the denial of his pretrial motion to dismiss. The district court accepted the plea and sentenced the defendant to a 37-month incarcerative term. This timely appeal followed.

All of the defendant's claims are constitutional in nature and engender de novo review. United States v. Volungus, 595 F.3d 1, 4 (1st Cir. 2010). We start with his claim that his conviction offends the Due Process Clause. This claim has two parts. We scrutinize each of these components separately.

First, the defendant notes that at the time of his interstate travel and later failure to register, neither Maine nor New Mexico had yet enacted statutes or promulgated regulations implementing SORNA. Thus, he contemplates, he could not have registered under SORNA. For that reason, he says that his conviction offends due process.

This contention is foreclosed by circuit precedent. We have held squarely that, under SORNA, "the registration requirements for sex offenders are neither conditioned on nor harnessed to state implementation of SORNA's state-directed mandates." United States v. DiTomasso, 621 F.3d 17, 27 (1st Cir. 2010). That holding disposes of the defendant's first due process argument, and anything more would be supererogatory.

The defendant's second due process argument also founders on the shoals of circuit precedent. He asserts that the government could not prove that he "knowingly" violated the statute; after all, neither Maine nor New Mexico had notified him of his obligation to register under SORNA, nor was there any other proof that he had actual knowledge that such an obligation existed. But this assertion rests on the unfounded assumption that section 2250(a) requires a showing of specific intent (i.e., a conscious flouting of SORNA's registration requirement) rather than merely a showing of general intent (i.e., a knowing failure to register, simpliciter). Our decision in United States v. Stevens, ___ F.3d ___, ___ (1st Cir. 2011) [No. 09-2024, slip op. at 7], consigns this assertion to the scrap heap. The defendant's second due process argument therefore fails.

Next, the defendant argues that his indictment transgressed the Commerce Clause, U.S. Const. art. I, § 8, cl. 3, because Congress lacked power thereunder to enact SORNA. This argument, too, runs up against settled law. We repeatedly have upheld SORNA against Commerce Clause challenges. See, e.g., Stevens, ___ F.3d at ___ [slip op. at 9]; DiTomasso, 621 F.3d at 26. These precedents are controlling.

Finally, the defendant advances a series of arguments premised on the Ex Post Facto Clause. U.S. Const. art. I, § 9, cl. 3. These arguments are hopeless.

We need not tarry. The defendant insists that using a pre-SORNA conviction to ground the current indictment violates ex post facto principles. We do not agree.

The defendant's position overlooks the reality that new acts — his interstate travel and subsequent failure to register — comprise elements of the offense of conviction. There is, therefore, no colorable ex post facto claim. See United States v. Shenandoah, 595 F.3d 151, 158-59 (3d Cir. 2010); United States v. May, 535 F.3d 912, 919-20 (8th Cir. 2008).

In an effort to blunt the force of this reasoning, the defendant repeatedly invokes the decision of the Supreme Judicial Court of Maine in State v. Letalien, 985 A.2d 4, 7 (Me. 2009) (discussing retroactive application of Maine's sex offender registration and notification law). Letalien is of no consequence here. Federal jurisprudence, not state jurisprudence, governs the resolution of ex post facto challenges in federal criminal cases. See, e.g., United States v. Rodriguez, 630 F.3d 39, 41-42 (1st Cir. 2010) (looking to federal law to analyze ex post facto issue in federal criminal case); United States v. Muñoz-Franco, 487 F.3d 25, 55 (1st Cir. 2007) (same); cf. U.S. Const. art. VI, cl. 2 ("This Constitution, and the Laws of the United States which shall be made

in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby. . . .").[1]

We need go no further. For the reasons elucidated above, we summarily affirm the defendant's conviction. See 1st Cir. R. 27.0(c).

**Affirmed**.

---

[1] In all events, the defendant committed his predicate sex crimes in 2001, and Letalien applies only to crimes committed prior to the 1999 effective date of Maine's sex offender registration statute. See Letalien, 985 A.2d at 26.