# United States Court of Appeals
## For the First Circuit

No. 11-1092

UNITED STATES OF AMERICA,

Appellee,

v.

RONALD GOERGEN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr. Senior U.S. District Judge]

Before

Boudin, Circuit Judge,
Souter,* Associate Justice,
and Thompson, Circuit Judge.

Bjorn Lange, Assistant Federal Public Defender, Federal
Defender Office, for appellant.
Seth R. Aframe, Assistant United States Attorney, with whom
John P. Kacavas, United States Attorney, was on brief for appellee.

June 1, 2012

---

*The Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

BOUDIN, <u>Circuit Judge</u>.  In September 2010, Ronald Goergen pled guilty to four counts of sexual exploitation of children, 18 U.S.C. § 2251(a).  The charges were that over a period of several years, Goergen arranged for and took still pictures and videos of three minor girls engaged in explicit sexual activities or poses and then distributed the material.  Georgen received a sentence of 60 years in prison, and he now appeals to challenge only his sentence.  The relevant background follows.

The government charged Goergen in an information with four counts, three covering two videos and one image, each one depicting a different one of the three minors in a sexually explicit pose or activity; the fourth count was based on a still image that, in the same manner, depicted two of the minor victims together.  At the plea hearing, the government stated that images of the girls have featured in over a thousand investigations of child pornography worldwide.  In September 2010, Goergen waived indictment and pled guilty to all counts without a plea agreement.

The pre-sentence report, prepared in November 2010, described yet another video depicting one of the children engaged in oral sex with the defendant at his behest.  The report also described numerous other images and a handful of videos depicting Goergen's extensive, continued sexual abuse of the three minor victims.  The report, using the 2008 edition of the federal sentencing guidelines (see note 1, below) computed the total

-2-

offense level, after applying required adjustments, as 51. At level 43 or above, the recommended guideline sentence is life in prison regardless of criminal history. U.S.S.G. ch. 5, pt. A, sentencing table (2008).

Goergen's very high offense level reflected the facts that multiple children were abused over a significant period; that two of the victims were under twelve years old; that one video involved sadistic or masochistic conduct; and that Goergen distributed the images. The recommended guideline sentence of life imprisonment exceeded the statutory maximum of 90 years, 18 U.S.C. 2251(e), making 90 years Goergen's maximum possible sentence, U.S.S.G. § 5G1.1(a).

At the sentencing hearing on January 13, 2011, Goergen's counsel urged a sentence of 15 years; the government, 60 years. The district court, explaining its reasons in detail, sentenced Goergen to 60 years. As Goergen was then age 47, he is likely to spend the rest of his life in prison. He now appeals, urging two points: a claim under the Ex Post Facto Clause, U.S. Const., art. I, § 9, cl. 3, that an earlier, more lenient guideline edition should have been used, and a set of claims that the sentence is unreasonable in premises and result.

The Ex Post Facto issue presents an issue of law reviewed de novo. United States v. Neto, 659 F.3d 194, 200 (1st Cir. 2011), cert. denied, 132 S.Ct. 1611 (2012). Goergen's predicate is that

the offense levels for Counts 2, 3 and 4, which contributed to the final offense level, were computed under the 2008 guidelines which were in turn made more severe by the Protect Act of 2003 ("the Act"), Pub. L. No. 108-21 § 401, 117 Stat. 650, 667-76. The related guideline changes became effective on November 1, 2004. U.S.S.G. app. C, amend. 664 (2006).

Goergen then argues that his conduct under those three counts occurred prior to the Act's effective date of April 30, 2003; that the post-Act changes raised the base offense level for his crimes from 27 to 32; U.S.S.G. app. C, amend. 664, at 39 (2006); and that they added new enhancements, including a four-level enhancement applied to Count 2 (for material portraying sadistic or masochistic conduct). Id. If the pre-Act guidelines were employed, he says his adjusted offense level would have been only 45.

Under the instructions provided in the guidelines themselves, the court must ordinarily use the guideline manual in effect at the time of sentencing, U.S.S.G. § 1B1.11(a), unless this would violate the Ex Post Facto Clause, in which event the manual in force "on the date that the offense was committed" is ordinarily used, U.S.S.G. § 1B1.11(b); only one edition of the manual is to be used for all of the crimes, id. § 1B1.11(b)(2) (the "one book" rule); and where the defendant is convicted of multiple offenses,

some before but one or more after a guidelines revision, the latter manual governs all of the offenses. Id. § 1B1.11(b)(3).

Here, Goergen concedes that his Count 1 offense took place in 2004 after the post-Act guidelines change. If the one book rule and multiple offense instructions prevail, the use of the post-Act guidelines was permissible for all counts. Why the court used the 2008 guidelines rather than some other post-Act edition is unclear but Goergen makes no issue as to that; possibly the 2008 edition was the one closest to sentencing that raised no Ex Post Facto issue.[1]

In all events, Goergen's brief--although opaque on this issue--may be arguing that the guidelines instructions themselves (particularly the one book and multiple offense rules) violate the Ex Post Facto Clause insofar as they authorized use of level 51. But even assuming such an argument for using level 45 could be considered by the panel in the teeth of contrary circuit precedent, e.g., United States v. Silva, 554 F.3d 13, 22 (1st Cir. 2009), any such mistake would be harmless error. United States v. Gerhard, 615 F.3d 7, 34 (1st Cir. 2010).

---

[1]Possibly the 2008 edition was used instead of the 2010 edition because two new statutes--the Effective Child Pornography Prosecution Act of 2007, Pub. L. No. 110-358, 122 Stat. 4001; and the PROTECT Our Children Act of 2008, Pub. L. No. 110-401, 122 Stat. 4229--prompted further changes to the guidelines in 2009. See U.S.S.G. app. C, amends. 733, 736-37 (2011).

As Goergen concedes, the difference between a total offense level of 45 and 51 is immaterial to the recommendation made by the guidelines: it is a life sentence in either instance.  In fact, because the guidelines sentencing table only goes up to offense level 43, the application notes go on to say (emphasis supplied):

> In rare cases, a total offense level of . . . more than 43 may result from application of the guidelines. . . .  <u>An offense level of more than 43 is to be treated as an offense level of 43</u>.

U.S.S.G. ch. 5, pt. A, cmt. n.2 (2002).  The government-endorsed offense level of 51 and Goergen's preferred offense level of 45 are both treated as an offense level of 43.

A colloquy between the judge and the probation officer at sentencing confirms that the judge focused on the life sentence recommendation and not the raw guideline number underpinning it. The probation officer noted that

> when you have a Level 51, the highest level you can have in the book is a 43, so that's what we use.  It directs you to use that.  But it is a Total Offense Level of 51.

The court then responded (emphasis supplied)

> All right.  51.  43.  Criminal History Category is I . . . <u>[s]o the guideline provisions yield a sentence of life</u>.  The statutory maximum for these offenses would be 90 years.

This is not a case of a computational error leading to an incorrect sentencing range, <u>see</u> <u>United States</u> v. <u>Rodriquez</u>, 630

-6-

F.3d 39, 43 (1st Cir. 2010), nor is there any hint that the judge was influenced by the proposed level of 51 rather than 45. Most important, the district judge's own detailed substantive explanation for choosing 60 years as the sentence (discussed below) relies on factors independent of the offense level.

Goergen next contends that his sentence was unreasonable because the district court improperly assessed his risk of recidivism. Among the reasons given by the district court when it imposed the 60-year sentence was the finding that

> the defendant is very much at risk for recidivism, and the likely potential victims of such recidivism would be underage females.

Goergen claims that this finding was improper because the only record evidence on this issue was an expert's psycho-sexual evaluation concluding that he fell in a "moderate risk category to reoffend."

Ordinarily, review of factual determinations at sentencing is for clear error. United States v. Rivera Calderón, 578 F.3d 78, 99-100 (1st Cir. 2009), cert. denied, 130 S.Ct. 1107 (2010). Where, as here, the defendant did not preserve any objection to the determination, our review is for plain error, United States v. González-Castillo, 562 F.3d 80, 82 (1st Cir. 2009), a more demanding standard. However, our conclusion would be the same in this case under the clear error test.

The expert evaluation identified factors suggesting a low risk of reoffense and other factors suggesting a high risk of reoffense. While the expert's conclusion was that Goergen presented a "moderate" risk, the district judge was entitled to make his judgment based on the report and the evidence before him as to Goergen's conduct. The report itself pointed to factors at both ends of the spectrum. The judge had authority to make his own evaluation that we may overturn only if persuaded that he was clearly wrong.

The risk of recidivism was just one of many reasons given by the district court for imposing the 60-year sentence. It is highly unlikely that eliminating the "very much" from "very much at risk for recidivism"--essentially, what Goergen asks us to do-- would have changed the sentence imposed. However, given the length of the sentence, we do not rely on lack of prejudice but rather on the lack of any clear error in the district judge's evaluation of the risk.

Finally, Goergen contends that the district court did not properly assess "the totality of the circumstances" relating to his crimes when imposing the 60-year sentence, and that the sentence is substantively unreasonable. Our review here is for an abuse of discretion, taking into account the district court's explanation of the sentence, the parties' arguments, and the contents of the pre-

sentence investigation report.  <u>United States</u> v. <u>Leahy</u>, 668 F.3d 18, 24 (1st Cir. 2012).

Goergen points to factors that he argues should have resulted in a lesser sentence, including his military service; psychological evaluation; life history (including abuse); mental and physical disabilities; remorse; and statements of the victims. The district court acknowledged all of these mitigating factors at sentencing, so it cannot be claimed the district court failed to consider them.  <u>See</u> <u>United States</u> v. <u>Beatty</u>, 538 F.3d 8, 17 (1st Cir. 2008), <u>cert. denied</u>, 129 S.Ct. 1364 (2009).

For example, the district court acknowledged Goergen's "difficult upbringing which included abuse, neglect, and isolation"; that "[h]e has been a career United States Navy enlisted man"; that he has been "deemed . . . to be both physically and mentally disabled"; that he "has expressed his remorse for these actions"; and the court also noted its consideration of "the input which it received from the victims and others."

Against these mitigating factors, the district court had to weigh aggravating factors, many of which have been identified above and of which more extensive description in this decision would serve no one's interest.  The district court provided a detailed, thoughtful explanation of its sentence and chose to weigh the aggravating factors heavily.  No one who reads the explanation would call it hasty, unbalanced or lacking in force.

Goergen also argues that other courts have been more lenient in child abuse cases.  To the extent that it is relevant, we have identified a number of other cases in which similarly severe sentences were imposed:

> - <u>United States</u> v. <u>Sarras</u>, 575 F.3d 1191, 1219-21 (11th Cir. 2009) (upholding 100-year sentence for sexual abuse of one victim);
>
> - <u>United States</u> v. <u>Betcher</u>, 534 F.3d 820, 826-27 (8th Cir. 2008), <u>cert. denied</u>, 555 U.S. 1123 (2009) (upholding 750-year sentence for sexual abuse of five victims);
>
> - <u>United States</u> v. <u>Wilcox</u>, 666 F.3d 1154, 1156-58 (8th Cir. 2012) (upholding 40-year sentence for sexual abuse of one victim)

In the end, the 60-year sentence is under the statutory maximum and--fairly viewed as effectively a life sentence--is what the guidelines recommended.  This is a very grave sentence but, so too were the crimes and their consequences for the victims.  Absent a mistaken legal or factual premise, a faulty analysis or an unreasonable result, the district judge's judgment must prevail.

**<u>Affirmed</u>.**