**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 11-1309

UNITED STATES,

Appellee,

v.

BRIAN CHANTHACHACK,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor, IV, U.S. District Judge]

Before

Lynch, Chief Judge,
Lipez and Thompson, Circuit Judges.

Stanley W. Norkunas on brief for appellant.
Kelley Begg Lawrence, Assistant U.S. Attorney, and Carmen M. Ortiz, United States Attorney, on brief for appellee.

July 13, 2012

**Per Curiam.** Defendant-appellant Brian Chanthachack appeals from his within-guideline sentence following his guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We affirm.

## I. "Crime of Violence"

Chanthachack argues that the sentencing court improperly classified his Massachusetts conviction of assault with a deadly weapon (ADW), Mass. Gen. Laws ch. 265, §15B(b), as a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(a). The district court correctly determined that this contention is foreclosed by our precedents. See United States v. Am, 564 F.3d 25, 33 (1st Cir. 2009)(holding that conviction for Massachusetts ADW qualifies as a predicate offense under ACCA's force clause); see also United States v. Hart, 674 F.3d 33, 44 (1st Cir. 2012)(holding that a conviction for Massachusetts ABDW qualifies as a predicate offense under ACCA's residual clause).

## II. Enhancement Pursuant to U.S.S.G. § 2K2.1(b)(6)

Chanthachack argues that there was insufficient evidence to support the four-level enhancement on the ground that the defendant "possessed or transferred any firearm . . . with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." §2K2.1(b)(6) (2010 Guidelines). "Where, as here, a defendant

-2-

challenges the factual predicate supporting the district court's application of a sentencing enhancement, 'we ask only whether the court clearly erred in finding that the government proved the disputed fact by a preponderance of the evidence.' '[W]here there is more than one plausible view of the circumstances, the sentencing court's choice among supportable alternatives cannot be clearly erroneous.'" United States v. Cannon, 589 F.3d 514, 517 (1st Cir. 2009).

We have "held that, as used in this provision of the Guidelines, 'the phrase "in connection with" should be interpreted broadly.'" Id. "We read the guideline through the prism of Application Note 14." United States v. Paneto, 661 F.3d 709, 717 (1st Cir. 2011). The application note was adopted in 2006, and "sheds a bright light on the scope of the phrase 'in connection with' and confirms that the guideline applies when the firearm 'facilitate[s], or ha[s] the potential of facilitating, another felony offense.' U.S.S.G. §2K2.1, comment. (n. 14(A))." Id.

The sentencing court found that "at a minimum, the defendant had reason to believe that the firearm would be used or possessed in connection with a drug trafficking offense." In support, the court referred to the fact that "[t]he defendant and the confidential witness [(CW)] discussed the CW's drug trafficking activities" and that they had

specifically "discussed that it was a -- I think the words were, 'it's a war out there,' and that one needed to be armed."

Appellant argues that it was error to apply the enhancement because there was insufficient evidence that the CW would resell (rather than consume himself) the 3.4 grams of cocaine that the defendant had sold him on 8/20/08 (eight days before he sold him the gun), or that he would wait to distribute the cocaine until after he bought the gun.

Appellant's argument is misplaced. Application of the enhancement does not require a finding that the defendant knew that the CW would use the gun to facilitate a specific felony. See United States v. Malloy, 324 F.3d 35, 39 (1st Cir. 2003) (noting that this court interprets the enhancement as applying "even where the defendant had no knowledge of a specific felony involving the transferred weapons"). It is sufficient if Chanthachack sold the gun to the CW "with reason to believe that his customer planned to use it in connection with drug trafficking." United States v. Brewster, 1 F.3d 51, 54 (1st Cir. 1993).

On this record, the district court did not clearly err in finding that the government proved by a preponderance of the evidence that Chanthachack had reason to believe that the gun he sold to the CW would be used in connection with drug trafficking. "'A sentencing court is entitled to rely on

-4-

circumstantial evidence, and draw plausible inferences therefrom' in determining whether an enhancement should apply." Cannon, 589 F.3d at 517. As recounted in the Government's sentencing memorandum, the recorded conversation between the defendant and the CW on August 20, 2008 (the date of the drug sale) included the CW's references to the quantities in which he would re-sell the cocaine that he was purchasing from the defendant. The defendant stipulated to the accuracy of the memo's summary of that conversation. It can be reasonably inferred from that conversation that the defendant had reason to believe that the CW was engaged in drug trafficking.

The sentencing court did not err in relying, in part, on the PSR's description of a conversation between Chanthachack and the CW on September 3, 2008. Although this conversation occurred after the defendant's possession and transfer of the firearm on August 28, 2008, it may still be relevant to defendant's state of mind at the time of the offense. See Molloy, 324 F.3d at 41. Here, it could be reasonably be inferred from the conversation between the defendant and the CW on September 3, 2008, which seemed to assume mutual familiarity with an interrelationship between drug trafficking and guns, that five days earlier the defendant had reason to believe that the weapon he sold to the CW would

be used to facilitate drug trafficking.  There was no clear error.

### III. Substantive Reasonableness

Appellant argues that the sentence was substantively unreasonable in view of the nature and circumstances of the offense and the history of the defendant.  "Our review here is for abuse of discretion, taking into account the district court's explanation of the sentence, the parties' arguments, and the contents of the pre-sentence investigation report." United States v. Goergen, ___ F.3d ___, 2012 WL 1957988, *3 (1st Cir. 2012).  "Challenging a sentence as substantively unreasonable is a burdensome task in any case, and one that is even more burdensome where, as here, the challenged sentence is within a properly calculated GSR." United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011).

The court stated that it had "considered the sentencing factors under 3553(a)," and taken into account the "nature of the offense."  The record reveals that the court considered the mitigating factors on which appellant relies. That the court "chose not to attach to certain [of them] the significance that the appellant thinks they deserved does not make the sentence unreasonable." Id. at 593.

Chanthachack's conviction and sentence are affirmed. See 1st Cir. R. 27.0(c).

-6-