# United States Court of Appeals
## For the First Circuit

No. 19-1855

UNITED STATES OF AMERICA,

Appellee,

v.

ROGER EDWARD PICARD,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Lance E. Walker, U.S. District Judge]

Before
Lynch and Thompson,
Circuit Judges.[*]

William S. Maddox on brief for appellant.
Noah Falk, Assistant United States Attorney, and Halsey B. Frank, United States Attorney, on brief for appellee.

April 14, 2021

---

[*] While this case was submitted to a panel that included Judge Torruella, he did not participate in the issuance of the panel's judgment. The remaining two panelists therefore issued the judgment pursuant to 28 U.S.C. § 46(d).

**LYNCH**, **Circuit Judge**.  Roger Edward Picard appeals from an order that revoked his supervised release on the underlying conviction of failing to register as a sex offender in violation of federal law.  The district court found that Picard, upon his release following his imprisonment for this underlying conviction, once more failed to register as a sex offender, which violated the conditions of his release, as well as state and federal law. The court sentenced Picard to nine months' imprisonment.

Picard argues on appeal that the district court abused its discretion in not excusing his failure to register.  He also argues that his within-guidelines sentence was procedurally and substantively unreasonable.  We reject his challenges and affirm.

I.

On January 19, 1983, Picard was convicted in Massachusetts state court of one count of Rape of a Child under 14 and one count of Indecent Assault and Battery of a Child under 14. The state court sentenced Picard to concurrent terms of thirteen to twenty years' imprisonment for the rape offense and eight to ten years' imprisonment for the indecent assault and battery offense. Picard was also classified as a lifetime sex offender registrant in Massachusetts.

Picard was released from prison in 2001 in Massachusetts.  In December 2003, Picard informed the

Massachusetts Sex Offender Registry that he planned to move from Massachusetts to Hawaii. On January 18, 2004, Picard signed a Sex Offender Registration form in Hawaii. By signing, he acknowledged that he had been "informed and underst[ood]" that if he moved to another state, he would need to "register [his] new address with the designated law enforcement agency in the new state within ten days of establishing residence."

In 2006, while Picard was in Hawaii, Congress enacted the Sex Offender Registration and Notification Act ("SORNA"), which made "knowingly fail[ing] to register or update a registration as required by [SORNA]" a federal crime for certain types of sex offenders. 18 U.S.C. § 2250(a). SORNA requires sex offenders to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 34 U.S.C. § 20913(a) (formerly cited as 42 U.S.C. § 16913(a)). Further, "[a] sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry." Id. § 20913(c) (formerly cited as 42 U.S.C. § 16913(c)).

- 3 -

A.  Picard's Underlying Federal Conviction for Failure to Register as a Sex Offender in Maine and His Conditions of Release

In the spring of 2014, Picard moved to Penobscot County in Maine, where he had purchased property in 2013. He did not register as a sex offender upon moving there, as he was required to do by SORNA. On April 2, 2015, Picard received and signed a notice which again explicitly informed him of his registration requirements under SORNA. He still did not register then or ever as a sex offender in Maine.

On March 1, 2018 he was visited by an agent from the U.S. Marshals Service and arrested. On May 17, 2018, Picard pleaded guilty to one count of failure to register as a Sex Offender in violation of 18 U.S.C. § 2250(a). The district court sentenced Picard to eighteen months' imprisonment followed by five years of supervised release. His conditions of release stated:

> You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.

> [and]

> You must not commit another federal, state, or local crime.

On July 1, 2019, while he was still in custody, the Bureau of Prisons ("BOP") told Picard that he would need to register as a sex offender within twenty-four hours of being

released from prison.  On July 12, 2019, the BOP released Picard to the District of Maine.

B.    Violations of Conditions of Release and Revocation

Although Picard lived in Penobscot County, on July 13, 2019, he attempted to register at the Piscataquis County Sheriff's Department.  The sheriff's department could not register him because he did not live in that county and directed him to go to the Penobscot County Sheriff's Department.  Despite these instructions, Picard did not go and never registered or even contacted the Penobscot County Sheriff's Department.

United States Probation officers Maria Schokman and Kanni Francis visited Picard's home to complete an intake and home inspection on July 16, 2019.  Picard told them he knew he had to register and had not.  He called his offense "bullshit" and stated that he should not have to register.  Although he lived in Penobscot County, he told the officers he could not afford to travel to the Penobscot County Sheriff's Department.  In response, the officers told him of a low-or-no-cost transportation service available to him.

On July 17, 2019, Schokman called the Penobscot County Sheriff's Department, which told her that Picard had not registered there or even contacted their office.  On July 18, 2019, Schokman once more contacted the Penobscot County Sheriff's Department, which again reported that Picard had not registered or contacted

the office.  On July 18, 2019, the Marshals Service arrested Picard at his home for violating two conditions of his supervised release: (1) Failing to "comply with the requirements of [SORNA]" and (2) "commit[ting] a federal, state, or local crime."

On August 16, 2019, the district court held a revocation hearing, where Picard was represented by counsel.  The court adopted the factual findings in U.S. Probation's revocation report.[1]  The court concluded that Picard's failure to register was a Grade C violation and the court, without objection, adopted Probation's Guidelines sentencing range calculation of five to eleven months' imprisonment.  Schokman testified and Picard argued that the government had not shown a violation because Picard attempted to register but failed.  The district court found that Picard had violated the conditions of his release.  After considering the Guidelines sentencing range and 18 U.S.C. § 3553(a) factors, the court sentenced Picard to nine months' imprisonment followed by two months' community confinement and five years' supervised release.  The court also stated that it would have "impose[d] the same sentence even if the applicable

---

[1]    Except for paragraph 23, which the court did not adopt as Picard disputed its factual basis.  Paragraph 23 described the facts underlying Picard's 1983 conviction for Rape of a Child under 14 and Indecent Assault and Battery of a Child under 14, but did not state from what documents it drew this information.

sentencing guideline range would have been reduced by any . . . objections." This appeal followed.

## II.

### A. Standard of Review

We review the district court's decision to revoke supervised release and the sentence it imposes for abuse of discretion. United States v. Wright, 812 F.3d 27, 30 (1st Cir. 2016). We review the underlying finding of a violation of supervised release for clear error and legal questions de novo. Id. "'[W]e consider the evidence in the light most favorable to the government,' and 'we recognize the district court's broad legal power to determine witness credibility.'" Id. at 29 (quoting United States v. Portalla, 985 F.2d 621, 622 (1st Cir. 1993)).

### B. The District Court Did Not Abuse its Discretion in Finding that Picard Violated the Terms of His Supervised Release

Picard conceded to the district court that he did not register as a sex offender within the required time, but argued that his failure to register should be excused for cause because he attempted to register at the wrong Sheriff's Department. On appeal, Picard argues that he did not understand the instructions to register and so lacked the required mens rea to violate SORNA. He also argues that he is entitled to the affirmative defense that he could not register "as directed." We disagree.

Any person who must register under SORNA, "travels in . . . interstate commerce," and "knowingly fails to register or update a registration as required by [SORNA]" is subject to a fine and/or imprisonment. 18 U.S.C. § 2250(a). To prove a failure to register violation of SORNA, the government need only show general intent. United States v. Thompson, 431 Fed. App'x 2, 3-4 (1st Cir. 2011) (unpublished) (citing United States v. Stevens, 640 F.3d 48, 51 (1st Cir. 2011) (cert. granted, judgment vacated on other grounds, 565 U.S. 1255 (2012))). The record before the district court was more than sufficient to conclude that Picard knew of his registration requirement. Picard told Probation Officers Schokman and Francis that he knew he had to register but was unwilling to do so. Multiple other agencies also informed Picard of his registration obligation. There was no error in the district court concluding the general intent mens rea requirement in SORNA was satisfied.

SORNA also allows for an affirmative defense when "uncontrollable circumstances prevent[] the individual from complying," the individual did not contribute to the circumstances "in reckless disregard of the requirement to comply," and then "complied as soon as such circumstances ceased to exist." 18 U.S.C. § 2250(c). As our recitation of the facts makes clear, this affirmative defense was not available to Picard on these facts.

- 8 -

Picard alludes to the affirmative defense by saying that he could not register "as directed" because he was "bewildered" by the instructions given to him.  He says the instructions were "not clear."  This is inaccurate.  The BOP directed Picard "to register as a sex offender within 24 hours of release, per Maine State requirements."  After failing to register with the proper sheriff's department per Maine law, Schokman and Francis on July 16, 2019, directed Picard to register with the Penobscot County Sheriff's Department and provided him with the Office's contact information.  As of July 18, 2019, Picard had still not registered, or made any effort to contact either Probation or the Penobscot County Sheriff's Department to clarify his registration obligations.

C.  Picard's Sentence was Procedurally and Substantively Reasonable

Picard next argues that his within-Guidelines sentence was "both procedurally and substantively unreasonable because the sentencing court decision lacked adequate explanation and the length of the sentence was greater than necessary."[2]  These arguments are meritless.

A "court, at the time of sentencing, [must] state in open court the reasons for its imposition of the particular

---

[2]  Picard also argues that the district court relied on clearly erroneous facts, and so its sentence was unreasonable. But Picard does not identify which factual findings he contends are erroneous, and so has waived this argument. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

sentence."  18 U.S.C. § 3553(c)(1).  "The court's explanation is adequate for purposes of § 3553(c)(1) if it specifically identif[ies] some discrete aspect of the defendant's behavior and link[s] that aspect to the goals of sentencing."  United States v. Rivera-Clemente, 813 F.3d 43, 52 (1st Cir. 2016) (alterations in original) (internal quotation marks omitted) (quoting United States v. Rivera-Gonzalez, 626 F.3d 639, 646-47 (1st Cir. 2010)). "A sentence is substantively reasonable when . . . the sentencing court [gives] a plausible sentencing rationale and reached a defensible result."  United States v. Abreu-García, 933 F.3d 1, 6 (1st Cir. 2019) (internal quotation marks omitted) (quoting United States v. Rodríguez-Adorno, 852 F.3d 168, 177 (1st Cir. 2017)).

The district court weighed all of the § 3553(a) factors and gave a plausible rationale for the sentence it imposed. It identified Picard's "substantial criminal history" and "proclivity toward violence" as the main factors behind its sentencing decision.  The district court adopted the government's reasoning that Picard's history of violence made him a "danger to the community" and "danger to kids," and his "unwillingness to accept responsibility" for his failure to register required a sentence sufficient to protect the community and ensure that Picard learns and accepts that "registering and complying with the conditions of release are not suggestions; they are mandatory."

The record also plainly contradicts his argument that he was penalized for exercising his right to a revocation hearing. Indeed, the record clearly supports the district court's conclusion that Picard at no point accepted responsibility for not registering.

## III.

The judgment of the district court is <u>affirmed</u>.